UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JAMES ROBINSON AND BRENDA ROBINSON, <br><br> PLAINTIFF <br><br> v. <br><br> PFIZER, INC., <br><br> DEFENDANT. | CIVIL ACTION NO. 3:09CV-357-S |

**MEMORANDUM OF LAW IN SUPPORT OF PFIZER'S MOTION TO DISMISS**

Defendant Pfizer Inc. (incorrectly styled as "Pfizer. Inc."), by counsel, submits this memorandum in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.   INTRODUCTION**

This is a products liability case involving the prescription medication Chantix®, which is manufactured and distributed by Pfizer.  Plaintiffs, James and Brenda Robinson, residents of Louisville, Jefferson County, Kentucky, filed a Complaint on May 19, 2009, alleging injury as a result of Mr. Robinson's ingestion of Chantix.  According to the Complaint, plaintiff ingested Chantix on or before September 13, 2007, and lost consciousness while driving.  (DN 1, ¶¶ 7, 8.) His vehicle rolled over and "Plaintiff suffered multiple serious physical injuries, including multiple orthopaedic fractures, a traumatic left arm amputation and other serious physical harm at the scene of the accident." (DN1, ¶9.)   Plaintiffs' complaint asserts claims for strict products liability failure to warn (First Cause of Action), strict products liability/defective product (Second Cause of Action), negligence (Third Cause of Action), Kentucky Motor Vehicle Reparations Act (Fourth Cause of Action), breach of implied warranty (Fifth Cause of Action),

breach of express warranty (Sixth Cause of Action), fraud by concealment (Seventh Cause of Action), and loss of consortium (Eighth Cause of Action).

Pfizer brings this motion pursuant to Rule 12(b)(6) and asks the Court to dismiss with prejudice:

- A. The entire Complaint to the extent it is based upon an alleged failure to warn plaintiffs and/or the public;

- B. The Fourth Cause of Action (Kentucky Motor Vehicle Reparations Act) because plaintiffs have failed to set forth a cause of action against Pfizer under the Act;

- C. Plaintiffs' claims for breach of express warranty (Sixth Cause of Action) and breach of implied warranty (Fifth Cause of Action) because plaintiffs were not in privity of contract with Pfizer, which is a necessary element of these claims; and

- D. Plaintiffs' fraud by concealment claim (Seventh Cause of Action) because plaintiffs have failed to plead the necessary elements with particularity as required by Fed. R. Civ. P. 9(b).[1]

## II. LEGAL STANDARD

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that to survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also id.* at 562-63 ("retir[ing]" the "no set of facts" pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 554.

The Court elaborated upon the *Twombly* standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), reiterating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. The Court underscored that where a

---

[1] Should any portion of the complaint survive this motion, Pfizer reserves any and all defenses that may be appropriate to raise by way of answer and/or in motions for summary judgment, including the applicable statute of limitations.

claim pleads facts "that are merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility." *Id.* (quoting *Twombly*, 550 U.S. at 557). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

As demonstrated below, plaintiffs' claims against Pfizer are speculative and lack the elements necessary to obtain relief. As a result, plaintiffs' Complaint should be dismissed in its entirety under Rule 12(b)(6).

### III.  LEGAL ARGUMENT

#### A.  Kentucky's "Learned Intermediary" Doctrine Precludes All of Plaintiff's Claims to the Extent They Are Predicated on a Duty to Warn the Patient or the General Public.

Regardless of the legal theory—be it negligence, strict liability, or warranty—affixed to plaintiffs' various claims in the Complaint, they all are based in whole or in large part upon allegations of failure to warn. *See, e.g., In re Norplant Contraceptive Products Liab. Litig.*, 955 F. Supp. 700, 709 (E.D. Tex. 1997) (holding that the gravamen of plaintiffs' causes of action for negligence, strict liability, breach of warranty and misrepresentation was defendant's alleged failure to warn); *United States v. Louisville & Nashville R. Co.*, 221 F.2d 698, 701 (6th Cir. 1955) (explaining that "the label which a plaintiff applies to his pleading does not determine the nature of the cause of action" stated).

Nearly all of plaintiffs' claims seek to impose liability against Pfizer on the basis that it allegedly failed to directly warn plaintiff or the public at large about the risks associated with Chantix. This does not provide a legally sufficient basis for imposing liability under Kentucky law. Like the majority of states, Kentucky has adopted the learned intermediary doctrine. *Larkin v. Pfizer, Inc.*, 153 S.W.3d 758 (Ky. 2004). On a certified question from the United

States Court of Appeals for the Sixth Circuit, the Supreme Court of Kentucky adopted Section 6(d) of the Restatement (Third) of Torts: Products Liability, which states that the duty to warn of possible side effects runs only to the patient's prescribing physician, not to the patient himself. *Id.* at 770.

Thus, under Kentucky law, manufacturers of prescription drugs have no duty to provide independent warnings to patient consumers or the public. Rather, this responsibility rests appropriately on the prescribing physician, who is in a unique position to weigh the risks and benefits of using a particular prescription medication. *Id.* (explaining that a manufacturer's duty to warn runs only to the learned intermediary, i.e., the health care provider who prescribes the drug); *Foister v. Purdue Pharma, L.P.*, 295 F. Supp. 2d 693, 706 (E.D. Ky. 2003) (explaining that the "main difference between the learned intermediary doctrine and traditional application of strict liability is that the learned intermediary doctrine provides for *warnings to physicians in lieu of warning patients directly*") (emphasis supplied); *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630 (W.D. Ky. 2007) (agreeing that the learned intermediary doctrine functions as a protection for manufacturers of prescriptions drugs from liability for failure to warn the patient once the manufacturer provides an adequate warning to the prescribing physician); *Hyman & Armstrong, P.S.C. v. Gunderson*, 279 S.W.3d 93, 109-10 (Ky. 2008) (finding that the learned intermediary doctrine "relieves the prescription drug manufacturer from liability to the ultimate consumer if it provides an adequate warning about the drug to the prescribing physician").

The learned intermediary doctrine is a complete defense for pharmaceutical manufacturers against claims based upon an alleged failure to warn the patient or the public about the side effects of prescription drugs, and courts have dismissed such claims as a matter of law. *See, e.g., Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 594 (W.D. Tex. 2002)

-4-

(granting motion for judgment on the pleadings except as to plaintiff's prescribing physician because defendant had no duty to warn anyone other than the prescribing physician).

Despite the well-established law that Pfizer's duty to warn is limited to plaintiff's prescribing physician, plaintiffs' Complaint is replete with allegations that Pfizer failed to warn the public and plaintiffs of the alleged risks associated with Chantix. Indeed, all of plaintiffs' claims hinge in large part on such allegations:

- **Plaintiffs' Factual Allegations**. In their general factual allegations, plaintiffs allege that "Defendant failed to take appropriate action to cure the nature of these defects or to warn users of the product or their physicians of such dangerous characteristics." (Compl. ¶22.)

- **Plaintiffs' Strict Liability Failure to Warn Claim**. Plaintiffs' strict liability failure to warn claim asserts that the product was unaccompanied by warnings of its alleged dangerous propensities and that ingestion of the medication "involved substantial dangers not readily recognizable by the ordinary user of the product." (Compl. ¶29.) Plaintiffs further allege that "Defendant failed to warn of the known or knowable likelihood of injury, including, but not limited to, the likelihood the user would develop or experience the aforementioned side effects and described defects" and that Plaintiff neither knew, nor had any reason to know, about the alleged dangers. (Compl. ¶¶29, 32.)

- **Plaintiffs' Strict Liability /Defective Product Claim**. Plaintiffs' strict liability/defective design claim asserts that Pfizer sold Chantix to prescribing physicians and consumers, including plaintiff James Robinson, and that the product was "defective due to inadequate warning and/or inadequate testing" and

that "Defendant knew or should have known that the product created a risk of harm to consumers and that Defendant failed to adequately warn of said risks." (Compl. ¶¶34, 37, 38.) Plaintiffs also allege that the product was defective due to inadequate post-marketing warning or instruction and that Defendant "failed to provide adequate warnings to users or consumers of the product." (*Id*. ¶40.)

- **Plaintiffs' Negligence Claim**. Plaintiffs' negligence claim alleges that Pfizer owed a duty to "provide proper warnings and take such steps to assure that the product did not cause users to suffer from unreasonable and dangerous side effects." (Compl. ¶44)). Plaintiffs further contend that "Defendant negligently and recklessly failed to warn of the nature and scope of the dangers associated with Chantix" and in doing so, "acted with a conscious disregard for the safety of the Plaintiff." (*Id*. ¶¶ 47, 48.)

- **Plaintiffs' Warranty Claims**. Plaintiffs' breach of express warranty claim (Sixth Cause of Action) asserts that Pfizer expressly represented to plaintiffs and to other members of the general public that Chantix was safe. (Compl. ¶ 58.) Similarly, plaintiffs' breach of implied warranty claim (Fifth Cause of Action) contends that Pfizer impliedly warranted that Chantix was safe (*id*. ¶ 53), but breached that implied warranty by not providing warnings of the drug's allegedly dangerous properties. (*Id*. ¶ 55.)

- **Plaintiffs' Fraud By Concealment Claim**. Plaintiffs' fraud by concealment claim (Seventh Cause of Action) alleges that Pfizer had the duty and obligation to disclose "that said product was dangerous and defective and how likely it was to cause serious consequences to users" to plaintiff and others and, further, that

>Pfizer made affirmative representations to plaintiff, his physicians and the general public but concealed material facts. (Compl. ¶¶ 65, 66.)

Pursuant to the learned intermediary doctrine, these allegations—to the extent that they allege or infer that Pfizer failed to adequately warn plaintiff or other users, the public, or health care providers *en masse* about Chantix—cannot, as a matter of law, support a viable claim.

*Kline v. Pfizer*, No. 08-3238, 2008 WL 4787577 (E.D. Pa. Oct. 31, 2008), a case also involving Chantix, is instructive. The court in *Kline* granted a motion to dismiss on the same grounds on which dismissal is justified here: that under the learned intermediary doctrine "Pfizer had no duty . . . to warn [Plaintiff] or the public of the dangers potentially caused by the use of Chantix." *Id*. at *3. Given the absence of such a duty as a matter of law, the court in *Kline* dismissed the claims asserted in the complaint except "to the extent that they assert liability for failure to adequately warn [Plaintiff's] physician." *Id*. at *4. Pfizer seeks nothing more here. Under the learned intermediary doctrine, to the extent that plaintiffs allege that Pfizer owed a duty to warn, or failed to warn, plaintiff himself, other users or consumers, or the medical community at large concerning Chantix, their claims fail as a matter of law and must be dismissed.

>**B.   Plaintiffs Fail To State A Claim For Relief Under Kentucky's Motor Vehicle Reparations Act.**

Plaintiffs' Fourth Cause of Action "adopts and relies upon" the Kentucky Motor Vehicle Reparation Act ("MVRA"), K.R.S. 304.39-010, *et seq.*, as a cause of action. (Compl. ¶51.) Pfizer seeks dismissal of this claim because the Act does not provide a cause of action separate and apart from plaintiffs' product liability claims against Pfizer.

The MVRA falls within Kentucky's insurance code, KRS Chapter 304. One of the purposes of the MVRA is to provide basic reparation benefits (*i.e.*, medical expenses and lost

wages) to victims of motor vehicle accidents for injuries arising out of the use of a motor vehicle regardless of fault and without the need for litigation. *See* K.R.S. §304.39-010 (1975). *See also Crenshaw v. Weinberg*, 805 S.W.2d 129 (Ky. 1991); *State Farm Mut. Auto. Ins. Co. v. Rains*, 715 S.W.2d 232 (Ky. 1986). Under the Act, a victim of a motor vehicle accident is entitled to recover reparation benefits from a "reparation obligor"—an insurer, a self-insurer, or an obligated government providing such benefits under the Act. K.R.S. §304.39-020(13).

Plaintiffs' MVRA claim against Pfizer fails as a matter of law because Pfizer is not a reparation obligor. Kentucky law defines an "insurer" as "a commercial insurance company with whom a contract for insurance is made." *Safeco Ins. Co. of Am. v. Brown*, 887 F. Supp. 974, 977 (W.D. Ky. 1995). Pfizer does not meet this definition because it is not an insurance company. Similarly, Pfizer is not a "self-insurer" under the MVRA because it has not filed with the Kentucky Commissioner of Insurance to become a self-insurer. *Id.* (citing KRS 304.39-080(7)). Finally, Pfizer is not an "obligated government" under KRS 304.39-080(9) because it is not a governmental entity. *Id.* Accordingly, Pfizer is not a "reparation obligor" under the MVRA, and plaintiffs' Fourth Cause of Action must be dismissed. *Id.* at 978 (dismissing MVRA claim against United States because it did not meet the statutory definition of reparation obligor).

### C. Plaintiffs' Breach of Warranty Claims Must Be Dismissed Because Plaintiffs Are Not In Privity Of Contract With Pfizer.

Plaintiffs' claims against Pfizer for breach of express warranty (Sixth Cause of Action) and breach of implied warranty (Fifth Cause of Action) must be dismissed because Kentucky law requires privity in any warranty-based claim. Here, plaintiffs allege that plaintiff James Robinson obtained Chantix from his physicians via prescription. (Compl. ¶¶ 14, 21, 22, 53.) Plaintiffs do not allege that they bought or obtained Chantix directly from Pfizer. Thus, as a matter of law, plaintiffs were not in privity with Pfizer.

Claims for breach of warranty, whether express or implied, are contractual in nature and are governed by the Uniform Commercial Code ("UCC") as adopted by the Kentucky at K.R.S. §§ 355.1-101, *et seq*. *See Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985). Warranties made in connection with a sale of goods extend only to those in privity of contract with the seller and to those persons identified in Section 2-318 of the UCC. *Id*. at 414.[2]

In *Williams v. Fulmer*, the Kentucky Supreme Court noted that the privity requirement has been eliminated in tort claims, but that "[t]here has been no similar common law evolution of sales contract theory."[3] 695 S.W.2d at 414. Because the plaintiff in *Williams* purchased from a third party the product that allegedly caused his injuries, the Kentucky Supreme Court concluded that the plaintiff could not maintain a claim for breach of warranty. *Id*.; *see also Snawder v. Cohen*, 749 F. Supp. 1473, 1481 (W.D. Ky. 1990) (granting pharmaceutical manufacturer's motion for summary judgment, the court found that "Lederle sold the drug to Dr. Cohen, not to Plaintiff. Plaintiff therefore lacks privity with Lederle and is beyond the scope of the warranty protection accorded by KRS 355.2-318."); *Munn v. Pfizer Hospital Prods. Group, Inc*, 750 F.Supp. 244, 247-48 (W.D. Ky. 1990) (finding that patient was not in privity with manufacturer of femoral rod implanted in his leg and therefore could not maintain cause of action for breach of warranty). Because plaintiffs here allege that the drugs were obtained from his physician, not directly from Pfizer, they cannot establish privity and their claims for breach of warranty must be dismissed.

---

[2] That statute provides: "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." K.R.S. § 355.2-318.

[3] Kentucky's version of § 355.2-318 is Alternative A of the American Law Institute's official version of the Uniform Commercial Code. WHITE & SUMMERS, UNIFORM COMMERCIAL CODE § 11-3 (2d Ed. 1980). Alternatives B and C extend warranties to foreseeable users of the goods. *Williams*, 695 S.W.2d at 413. The Kentucky legislature has not adopted Alternatives B and C, although they have been available since 1962. *Id*. at 414.

> D. **This Court Should Dismiss Plaintiffs' Fraud By Concealment Claim Because Plaintiffs Have Failed to State Their Claim With Particularity As Required by Rule 9(b).**

Plaintiffs assert a claim for fraud by concealment (Seventh Cause of Action) alleging that Pfizer misrepresented, *inter alia*, that Chantix was safe and had fewer side effects than other methods of treatment. (Compl. ¶¶ 16-20). Plaintiffs also contend that Pfizer concealed information about the risks associated with using Chantix. (*Id*. ¶¶ 20, 65-69.) Other than these general, vague and conclusory allegations, plaintiffs' Complaint fails to provide the particularity required by Federal Rule of Civil Procedure 9(b), and, therefore, must be dismissed.

Federal Rule of Civil Procedure 9(b) provides that in "all averments of fraud and mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." A fraud claim encompasses an affirmative representation or concealment and a failure to disclose material facts when one has a duty to speak. *Randleman v. Fidelity Nat'l Title Ins. Co*., 465 F. Supp. 2d 812, 822 (N.D. Ohio 2006). Plaintiffs must, "at a minimum, [] allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the Defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P*., 2 F.3d 157, 161-62 (6th Cir. 1993). Or, to put it another way, "Rule 9(b) requires that the plaintiff specify the who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA*, 447 F.3d 873, 877 (6th Cir. 2006) (internal quotation marks omitted).

Allegations required for fraud by concealment include a duty to disclose, failure to disclose a material fact, intent to mislead, and justifiable reliance on the concealment resulting in damages. *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003). *See also Randleman,* 465 F. Supp. 2d at 821. As with other allegations of fraud, the duty to disclose must be pled with particularity (*i.e.*, the relationship giving rise to the duty to speak, the events triggering the duty to speak, the content of the information withheld and its

materiality, the identity of those breaching the duty to disclose, what defendant gained by withholding such information, why plaintiff's reliance was reasonable and detrimental, and damages resulting from the reliance). *Id*. at 822. *See also Abarca v. Franklin County Water Dist.*, 2009 U.S. Dist. LEXIS 42679 * 29-47 (E.D. Cal. May 18, 2009) (granting motion to dismiss fraudulent concealment claim for failure to plead elements with particularity); and *Fidenas AG v. Honeywell Inc.*, 501 F. Supp. 1029, 1039 (S.D. N.Y. 1980) (same).

In their Complaint, plaintiffs only vaguely allege that Pfizer misrepresented and/or concealed information regarding the risks associated with Chantix.  They do not allege the nature of the relationship or situation giving rise to a duty to disclose such information or any events triggering the duty to speak.  Plaintiffs also fail to allege the content of the information "misrepresented" or withheld and why it was material.  Plaintiffs do not specify the identity of those who breached the duty to disclose or who made the misrepresentations.  *See Randleman,* 465 F. Supp. 2d at 821-22 (dismissing plaintiffs' misrepresentation and fraud by concealment claims for failure to plead with particularity the existence of a duty to speak).

Further, plaintiffs do not allege with the requisite particularity to whom such representations were made, when they were made, or in what form and matter they were made. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) ("Boilerplate and conclusory allegations will not suffice.  Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible."); *Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001) (finding that plaintiffs had not satisfied Rule 9(b) since they failed to allege, *inter alia*, the content and dates of any purported fraudulent communication or misrepresentation made by defendant drug companies).[4]

---

[4] Particularity is required in actions alleging fraud in order to give defendants notice of the claims against them, provide an increased measure of protection for their reputations, and reduce the number of frivolous suits brought

Moreover, other than conclusory assertions that Pfizer knew the product was unsafe, plaintiffs fail to allege any facts that tend to show that Pfizer had such knowledge or otherwise engaged in any fraudulent scheme or intent to deceive. The Complaint contains only vague, conclusory averments that do not allege any specific and detailed facts regarding the substance of what was said or concealed, who said or concealed it, or when and where the alleged misrepresentation or concealment was made. Even assuming, *arguendo*, that plaintiffs have sufficiently alleged the other elements of fraud, the Seventh Cause of Action must still be dismissed because plaintiffs indisputably have not stated the "time, place, and content of the alleged misrepresentations" in anything but the most general terms. *See Coffey*, 2 F.3d at 162. A review of plaintiffs' Complaint reveals no specific allegations that meet the Sixth Circuit standard. *See Weiss v. Astellas Pharma US*, 2006 U.S. Dist LEXIS 28313 *3-11 (E.D. Ky. May 10, 2006) (granting defendants' motion to dismiss plaintiffs' fraud claims for failure to state the time, place, or content of the fraudulent misrepresentations, and noting that "[w]hile the allegations by their length may give some illusion of particularity, a fair reading of them shows that Plaintiffs have not met their burden of pleading").

Other courts have rejected similar generalized allegations in pharmaceutical cases under Rule 9(b). In *Perry v. Novartis Pharm. Corp.*, 2006 U.S. Dist. LEXIS 927 (E.D. Pa. Jan. 12, 2006), the plaintiffs alleged in general terms that Novartis downplayed the risk of cancer from the prescription drug Elidel and claimed that Elidel was safe. The court noted that, if the plaintiffs "really were defrauded, one would expect that they would be able to describe when and how." *Perry*, 2006 U.S. Dist. LEXIS at *6. The plaintiffs in *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 284-86 (S.D.N.Y. 2001), alleged that the drug manufacturer knew or should have known of health risks, but despite that knowledge "ignored and understated the

---

solely to extract settlements. *Burlington*, 114 F.3d at 1418.

health risks associated with Rezulin," and produced promotional materials and advertisements that contained misrepresentations and omissions "that were intended to create in the minds of the consuming public the false sense and feeling that [Rezulin] was safe." Because there were no specific allegations as to the time and place of the misrepresentations, however, the court found that the plaintiffs failed to meet the requirements of Rule 9(b). *See id.* at 285-86.

Here, plaintiffs' allegations are merely conclusory statements that provide no information upon which Pfizer can prepare a defense to the claim against it. (*See* Compl. ¶¶ 65-69 (*i.e.*, Pfizer had a duty to disclose the "true facts" about Chantix and allegedly concealed and suppressed those facts.)) Likewise, plaintiffs offer no hint of what information in particular was allegedly omitted or misrepresented, and they do not plead any specific facts which suggest Pfizer intended to engage in fraudulent activity, who in particular allegedly participated, when this activity purportedly occurred, or how they relied on the allegedly fraudulent activity. The few specific statements identified in the Complaint contain no false statements, let alone facts that support an inference of fraudulent intent. Based upon the foregoing, the Court should dismiss the Seventh Cause of Action in plaintiffs' Complaint.

## IV. CONCLUSION

For the reasons discussed above, Pfizer respectfully requests that this Court dismiss with prejudice: (1) the entire Complaint to the extent it is based upon the failure to warn plaintiffs and/or the public; (2) plaintiffs' claim under the Kentucky Motor Vehicle Reparations Act (Fourth Cause of Action) because it does not provide a cause of action separate from plaintiffs' product liability claim; (3) plaintiffs' claims for breach of express warranty (Sixth Cause of Action) and breach of implied warranty (Fifth Cause of Action) because plaintiffs were not in privity of contract with Pfizer, which is a necessary element of these claims; and (4) plaintiffs' fraud claim (Seventh Cause of Action) because it is not plead with sufficient particularity as

required by Rule 9(b).

        Respectfully submitted,

        /s/ Sarah Grider Cronan
        Carol Dan Browning
        Sarah Grider Cronan
        Jamie K. Neal
        STITES & HARBISON, PLLC
        400 West Market Street
        Suite 1800
        Louisville, KY  40202-3352
        Telephone: (502) 587-3400
        cbrowning@stites.com
        scronan@stites.com
        jneal@stites.com
        COUNSEL FOR DEFENDANT, PFIZER INC.

743945:2:LOUISVILLE